GEORGE L. PSAK*
ROBERT A. McLARTY, JR.
ELLEN L. YANG
MARK B. ACHENBACH△
MICHAEL J. FRANK

# PSAK & ASSOCIATES
### GEORGE L. PSAK, ESQ., LLC
ATTORNEYS AT LAW

——————

127 UNION AVENUE
MIDDLESEX, NEW JERSEY 08846-1000
(732) 560-0100
FAX (732) 560-9272
EMAIL: GPSAK@PSAKLAW.COM
WWW.PSAKLAW.COM



*CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY
△NJ AND NY BARS

May 26, 2009

Hon. Katherine S. Hayden
USDC District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07101

> **Re:**   ***Ngai v. Old Navy; 2:07-cv-05653***
> ***Request for Expedited Hearing***

Dear Judge Hayden:

We are writing to request that the attached Appeal of Order of the Hon. Patty Shwartz, U.S.M.J. be heard in an expedited fashion. In the May 21, 2009 Order on Informal Application, Magistrate Judge Shwartz ordered that the deposition of Defendant's former counsel, Denise Campbell, take place within seven days, by May 29, 2009 at 11:00 a.m. Notably, three days of the time frame in which Ms. Campbell's deposition was required to take place was over Memorial Day weekend.

In an effort to comply with the Order, we have set Ms. Campbell's deposition for this Thursday, May 28, 2009. From our last contact with Ms. Campbell however, we understand that she was unavailable at that time. Furthermore, we have been unable to contact Ms. Campbell since the entry of the Order despite repeated phone calls and emails. This afternoon, I was contacted by an attorney for Ms. Campbell, Mr. John Tortorella, for the first time.

Because of the apparent impossibility of complying with the May 21, 2009 Order on Informal Application, and because the Order requires that a deposition take place within the next three days, we ask that the Appeal of Magistrate Judge Shwartz's May 21, 2009 Order be heard in an expedited fashion.

Very truly yours,

George L. Psak

GLP/d
cc:   Rosemarie Arnold, Esq.
      Scott Feringa, Esq.

George L. Psak, Esq.
Psak & Associates
127 Union Avenue
Middlesex, New Jersey 08846-1000
(732) 560-0100 x 111

|  |  |
|---|---|
| WEI NGAI, an infant by her Guardian Ad Litem, ENID TRAN, ENID TRAN, Individually, and CHAU NGAI, Individually, | **Document Filed Electronically** |
|  | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|  | Civil Action No.: 2:07-cv-05653-KSH-PS |
| *Plaintiffs,* | Hon. Katherine S. Hayden, U.S.D.J. |
| vs. |  |
| OLD NAVY, |  |
| *Defendant.* | NOTICE OF APPEAL OF ORDER OF THE HON. PATTY SHWARTZ, U.S.M.J. DATED MAY 21, 2009 |

TO:      Rosemarie Arnold, Esq.
              1386 Palisade Ave.
              Fort Lee, New Jersey 07024
              Attorney for Plaintiffs

COUNSEL:

PLEASE TAKE NOTICE that as soon as this matter may be heard, Defendant Old Navy shall appeal the Order dated May 21, 2009 before the Honorable Katherine S. Hayden, U.S.D.J., at the USDC District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 21.1(c).

PLEASE TAKE FURTHER NOTICE that, in support of the within motion, Defendant shall rely upon the brief and the Certification of George Psak, dated May 22, 2009, filed herewith.

PLEASE TAKE FURTHER NOTICE that Defendant requests oral argument.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith.

PSAK AND ASSOCIATES

By: /s/   George Psak               .
George Psak
Attorney for Defendant

Dated: May 26, 2009

2

|  |  |
|---|---|
| WEI NGAI, an infant by her Guardian Ad Litem, ENID TRAN, ENID TRAN, Individually, and CHAU NGAI, Individually,<br><br>*Plaintiffs,*<br><br>vs.<br><br>OLD NAVY,<br><br>*Defendant.* | **Document Filed Electronically**<br><br>UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Civil Action No.:  2:07-cv-05653-KSH-PS<br><br>Hon. Katherine S. Hayden, U.S.D.J.<br><br>**Oral Argument Requested** |

---

## *MEMORANDUM OF LAW IN SUPPORT OF APPEAL FROM MAY 21, 2009 ORDER OF THE HON. PATTY SHWARTZ, U.S.M.J.*

---

PSAK & ASSOCIATES
127 Union Avenue
Middlesex, New Jersey 08846-1000
(732) 560-0100 x 111

Attorneys for Defendant

Of Counsel and On the Brief:

George Psak

3

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................5

    Cases.................................................................................5

    Statutes.............................................................................6

    Rules................................................................................6

PRELIMINARY STATEMENT.........................................................7

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY..............8

LEGAL ARGUMENTS...................................................................9

    Standard of Review.................................................................9

    The May 13, 2009 Joint Letter
    was Tantamount to a Motion
    for Reconsideration...............................................................10

CONCLUSION............................................................................12

## TABLE OF AUTHORITIES

### CASES

Page

*Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)...............................................9

*Bobian v. CSA Czech Airlines*, 222 F.Supp.2d 598, 601 (D.N.J.2002)......................10

*Bowen v. Parking Auth.*, 214 F.R.D. 188 (D.N.J.2003)..........................................9

*Campbell v. Int'l Business Machines*, 912 F.Supp. 116, 119 (D.N.J.1996)..................10

*Cardona v. General Motors Corp.*, 942 F.Supp. 968, 970 (D.N.J.1996).....................9

*Carmichael v Everson*, Civ. No. 03-4787 2004 WL 1587894 (D.N.J. May 21, 2004)....11

*Ciba-Geigy Corporation v. Alza Corporation*, Civ. No. 91-5286 1993 WL 90412, at *1
(D.N.J. Mar. 25, 1993)......................................................................11

*Cunningham v. Hamilton County*, 527 U.S. 198, 201 (1999)................................9

*Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996)................11

*Database America v. Bellsouth Advertising & Publ'g.*, 825 F. Supp. 1216, 1220 (D.N.J.
1993).........................................................................................11

*G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)........................................11

*Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J.1998).................10

*Haines v.Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992)..................................10

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)..................................10

*Lo Bosco v. Kure Eng'g Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995).........................10

*Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)...................................11

*Oritani Say. & Loan v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990),
rev'd on other grounds , 989 F.2d 635 (3d Cir. 1993)...........................................11

*Shoenfeld Asset Mgt. v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).........10

*Tarlon v. Cumberland Co. Corr. Facility*, 192 F.R.D. 165 (D.N.J.2000).....................9

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)
.................................................................................................................9

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)............11

*Yurecko v. Port Authorit' Trans-Hudson*, Civ. No. 99-545 8 2003 WL 22001196, at * 2
(D.N.J. Aug. 18, 2003).................................................................................11

## STATUTES

28 U.S.C. § 636(b)(1)(A)..............................................................................9

## RULES

Fed. R. Civ. P 26(d).................................................................................12

Fed. R. Civ. P 30(a).................................................................................12

Fed. R. Civ. P. 72(a).................................................................................9

L. Civ. R. 7.1.................................................................................7, 11, 12

L. Civ. R. 72(c)(1).................................................................................9

## PRELIMINARY STATEMENT

By Order, dated May 21, 2009, (the "May 21, 229 Order")(Ex. A)[1], the Honorable Patty Shwartz, U.S.M.J., required that "Denise Campbell be deposed first and her deposition shall be completed no later than May 29, 2009 at 11:00 a.m." This Order is contrary to the Court's February 25, 2009 Joint Pretrial Order. Furthermore, the May 13, 2009 joint letter which led to the May 21, 2009 Order was tantamount to a motion for reconsideration, which under Local Civ. R. 7.1 was required to be filed within ten days after entry of the disputed Order.

Most importantly, this Order causes great hardship to Defendants as it requires at an important witness be deposed within seven days time, with three of the days being over Memorial Day weekend.  There is no basis for such a restrictive time frame. Defendant has been cooperative in offering Denise Campbell for deposition as her deposition has previously been set.  The parties had agreed on May 5, 2009 for her deposition before Plaintiff's counsel withdrew her availability.  Furthermore, it is Plaintiff's fault that no depositions have been taken in the time frame set by the Court because Plaintiff has insisted that Denise Campbell's deposition be taken prior to any other depositions. There is no basis for this in the Joint Pretrial Order, nor is there a basis for one deposition to take place prior to another under the case law or the Federal Rules of Civil Procedure.  In addition, allowing Denise Campbell's deposition to take place at a date and time later than May 29, 2009 would not cause prejudice to any party as this Court has indicated that the trial date in this case will not be until some time in 2010.

---

[1] All exhibits referred to herein are attached to the Certification of George Psak, dated May 26 2009, submitted herewith.

Pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72(c)(1), the Defendant requests that this Court set aside the May 29, 2009 Order of Magistrate Judge Shwartz as it pertains to Denise Campbell and Order that the Deposition of Denise Campbell take place in New Jersey and that said deposition must be completed no later than Wednesday, July 1, 2009.   Further, that the depositions of Nada Batras, Dean Mignot, Jovanna Terzich and Fiona Williams are not dependent upon the completion of the deposition of Denise Campbell. All depositions of these witnesses shall be completed by Wednesday, July 1, 2009.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

This Court's February 25, 2009 Joint Pretrial Order (Exh. B) states "Depositions to be done by 5/15/09". In accordance with this Order, the parties had been attempting to set the remaining depositions including Fiona Williams, Dean Mignott, Nada Batras, and Denise Campbell, Esq.  Plaintiff's Counsel however insisted that Denise Campbell's deposition be taken first.   On April 27, 2009, Defendant's Counsel George Psak, confirmed with Plaintiff's counsel that Denise Campbell's deposition was set for May 5, 2009 at 2:00 p.m. at his office (Exh. C).  Plaintiff's counsel responded that she was only available from 2:00 p.m. to 5:00 p.m. in her office, as she had a prior commitment until 2:00 p.m. (Id.). Defendant's counsel then asked if Plaintiff's counsel wished to proceed on May 5, 2009, if the depositions could be taken in a different order, or if Plaintiff's counsel had other dates available. (Id.)

On April 30, 2009, Plaintiff's Counsel sent Defendant proposed Joint Letter language which, contrary to the April 27, 2009 email, said for the first time that Plaintiff's counsel's daughter had a long standing doctor's appointment in River Edge, New Jersey at 4:00 p.m. on May 5, 2009.  In the Joint Letter, Plaintiff's Counsel requested a ruling that Denise Campbell's deposition be taken first.  In response to the Joint Letter, on May 20, 2009 United States Magistrate Judge Patty Shwartz issued on Order on Informal Application which not only required that Denise Campbell's deposition be taken first, but also required that the deposition be completed within one week.  Specifically, the Order stated:

> Denise Campbell shall be deposed first and her deposition shall be completed no later than May 29, 2009 at 11:00 a.m.

Because no basis exists for such a restrictive time frame for Ms. Campbell's deposition, and because it is contrary to this Court's February 25, 2009 Joint Pretrial Order, Defendant now appeals the Order on Informal Application pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72(c)(1).

## LEGAL ARGUMENTS

### STANDARD OF REVIEW

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" *Cardona v. General Motors Corp.*, 942 F.Supp. 968, 970 (D.N.J.1996) (quoting 28 U.S.C. § 636(b)(1)(A)); see also Fed. R. Civ. P. 72(a). A magistrate judge's ruling concerning discovery is non-dispositive. *See, e.g., Cunningham v. Hamilton County*, 527 U.S. 198, 201 (1999); *Bowen v. Parking Auth.*, 214 F.R.D. 188 (D.N.J.2003); *Tarlon v. Cumberland Co. Corr. Facility*, 192 F.R.D. 165 (D.N.J.2000). Local Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of

the magistrate judge. The district court will only reverse a magistrate judge's decision on These matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)). Furthermore, a magistrate judge's legal conclusions are subject to de novo review. *Haines v.Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992); *Campbell v. Int'l Business Machines*, 912 F.Supp. 116, 119 (D.N.J.1996); *Lo Bosco v. Kure Eng'g Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines*, 222 F.Supp.2d 598, 601 (D.N.J.2002) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J.1998)).

## THE MAY 13, 2009 JOINT LETTER INITIATED BY PLAINTIFFS WAS TANTAMOUNT TO A MOTION FOR RECONSIDERATION

In the May 13, 2009 Joint Letter to the Court, Plaintiffs requested a ruling that Denise Campbell be deposed first out of the remaining witnesses. As such, Plaintiffs were requesting relief that could have been addressed in the Court's February 25, 2009 Joint Pretrial Order and was tantamount to a Motion for Reconsideration. Requests for reconsideration are governed by L. Civ. R. 7.1(i) which provides for the reargument of an order if the application for same is filed within 10 days (excluding weekends and

holidays) after entry of the disputed order. As the joint letter was filed nearly three months after the Joint Pretrial Order was entered, it is untimely.

Furthermore, even if the Joint Letter had been timely filed, there was no basis for Magistrate Judge Shwartz to reconsider the Joint Pretrial Order. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Shoenfeld Asset Mgt. v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *Yurecko v. Port Authorit' Trans-Hudson*, Civ. No. 99-545 8 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003). A court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *see Database America v. Bellsouth Advertising & Publ'g.* , 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *Carmichael v Everson*, Civ. No. 03-4787 2004 WL 1587894 (D.N.J. May 21, 2004); and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). In addition, a motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," *see Ciba-Geigy Corporation v. Alza Corporation*, Civ. No. 91-5286 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (quoting *Oritani Say. & Loan v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993); and because reconsideration of a judgment after its

entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996). In the May 13, 2009 joint letter, Plaintiff presented no argument that the Court overlooked facts, that there had been an intervening change in the law or that allowing the Joint Pretrial Order to stand unchanged would result in a manifest unjustice. Furthermore, there is no basis under the Federal Rules or applicable case law that allows for one deposition to take place prior to another. *See* Fed. R. Civ. P 26(d) and 30(a). As such, even if the May 13, 2009 joint letter were timely filed, Plaintiff set forth no basis to grant reconsideration.

Defendants were subject to the same reasoning in response to the May 6, 2009 joint letter dated May 6, 2009 where Defendant requested that the deposition of Fiona Williams take place by telephone. In the Order on Informal Application, Magistrate Judge Shwartz stated that the Defendant's request was tantamount to a Motion for Reconsideration of the Joint Pretrial Order, and denied the request as untimely. (Exh. D) Furthermore, Magistrate Judge Shwartz stated that "all of the arguments that the defendant has made were or could have been raised when the dispute was argued on February 25, 2009". It is arbitrary and capricious for Magistrate Judge Shwartz to deny Defendant relief regarding the deposition of Fiona Williams on the basis that the request was tantamount to a motion for reconsideration, but allow Plaintiff relief on a similar issue regarding the deposition of Denise Campbell with no such analysis.

## CONCLUSION

Plaintiff's May 13, 2009 request for an order that Denise Campbell be deposed first was tantamount to a motion for reconsideration, and was untimely. In addition, the Order entered by Magistrate Judge Shwartz causes great hardship to Defendants as it requires at an important witness be deposed within seven days time, with three of the days being over Memorial Day weekend. There is no basis for such a restrictive time frame, and allowing Denise Campbell's deposition to take place at a date and time later than May 29, 2009 would not cause prejudice to any party as this Court has indicated that the trial date in this case will not be until some time in 2010.

For the foregoing reasons, pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72(c)(1), the Defendant requests that this Court set aside the May 29, 2009 Order of Magistrate Judge Shwartz as it pertains to Denise Campbell and Order that the Deposition of Denise Campbell take place in New Jersey and that said deposition must be completed no later than Wednesday, July 1, 2009. Further, that the depositions of Nada Batras, Dean Mignot, Jovanna Terzich and Fiona Williams are not dependent upon the completion of the deposition of Denise Campbell. All depositions of these witnesses shall be completed by Wednesday, July 1, 2009.

Respectfully submitted,

PSAK & ASSOCIATES

By: /s/    George Psak            .
George Psak
Attorney for Defendant

Dated: May __, 2009

George L. Psak, Esq.
Psak & Associates
127 Union Avenue
Middlesex, New Jersey 08846-1000
(732) 560-0100 x 111

|  |  |
|---|---|
| WEI NGAI, an infant by her Guardian Ad Litem, ENID TRAN, ENID TRAN, Individually, and CHAU NGAI, Individually, | **Document Filed Electronically**<br><br>UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: 2:07-cv-05653-KSH-PS |
| *Plaintiffs,*<br><br>vs.<br><br>OLD NAVY, | Hon. Katherine S. Hayden, U.S.D.J. |
| *Defendant.* | **CERTIFICATION OF GEORGE PSAK** |

I am an attorney at law admitted to practice in the State of New Jersey and before this Court.

1.    Attached hereto as Exhibit A is a true and correct copy of an Order on Informal Application dated May 21, 2009.

2.    Attached hereto as Exhibit B is a true and correct copy of the relevant portions of the February 25, 2009 Joint Pretrial Order.

3.    Attached hereto as Exhibit C is a true and correct copy of emails between Defendant's counsel George Psak and Plaintiff's Counsel Rosemarie Arnold.

4.      Attached hereto as Exhibit D is a true and correct copy of an Order on Informal Application dated May 12, 2009.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
George Psak

DATED:  May 26, 2009

2

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEI NGAI, an infant by her Guardian Ad Litem, et al., | : |
| Plaintiffs, | :     Civil Action No. 07-5653(KSH) |
| v. | : |
| OLD NAVY, | :     **ORDER ON INFORMAL APPLICATION** |
| Defendant | : |

This matter having come before the Court by way of submission dated May 13, 2009, and May 18, 2009, regarding the depositions of certain witnesses for whom depositions were permitted in the Final Pretrial Order;

and the Court having considered the submissions and record of proceedings, including the arguments, representations, and rulings made during the Final Pretrial Conference on February 25, 2009;

and for the reasons set forth in the Opinion delivered on the record on May 20, 2009;

and for good cause shown,

IT IS ON THIS 20th day of May, 2009

ORDERED that the depositions shall take place as follows in New Jersey:

1. Denise Campbell shall be deposed first and her deposition shall be completed no later than **May 29, 2009 at 11:00 a.m.**;

2. The depositions of the following witnesses shall take place on any of the following

dates based upon the availability of the witness: **June 2, 4, 5, 6, 16, 17, and 18, 2009**

commencing at **11:00 a.m. and/or 2:30 p.m.**: Nada Batres, Fiona Williams, and Dean Mignott.

If the party cannot facilitate the appearance of Mr. Mignott, then a subpoena shall be served for

his appearance;

IT IS FURTHER ORDERED that the deposition of Jovanna Tercovich shall take place

via video conference and shall be completed no later than **June 30, 2009**; and

IT IS FURTHER ORDERED that plaintiff shall provide defendant with a copy of the

recording with Mr. Mignott no later than 48 hours before the date of his deposition.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT B

**RECEIVED**

FEB 1 8 2009

AT 8:30_____M
WILLIAM T. WALSH, CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WEI NGAI, an infant by her Guardian Ad Litem, ENID TRAN, ENID TRAN, Individually, and CHAU NGAI, Individually | : : : : : |
| Plaintiff, | : : |
| vs. | : : : |
| OLD NAVY, a subsidiary of GAP, INC. and/or "ABC CORP 1 through 10" and/or "DEF CORP 1 through 10", (the last two being fictitious designations) | : : : : : : |
| Defendants. | : : |

Civil Action No.: 2:07-CV-5653

**JOINT FINAL PRE-TRIAL ORDER**

Honorable Katharine S. Hayden

The parties having appeared before the Court for the Final Pre-Trial Conference on the records on February 24, 2009; and the Court having considered the joint proposed final pre-trial order and it having been revised as discussed at the conference; the following constitutes the Final Pre-Trial Order that shall govern the trial in this case.

1

**2.   PENDING / CONTEMPLATED MOTIONS** (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the Court indicated that it would rule on any matter at pretrial, summarize that matter. Each party's contemplated in limine motions should also be set forth)

**A.   Plaintiff's Contemplated Motions**

1.   Motion to strike the defendants' answer and suppress its defenses based on intentional spoliation of evidence.

2.   Motion for sanctions based on intentional spoliation of evidence.

3.   Motion to strike the defendants' answer and suppress its defenses based on negligent spoliation of evidence.

4.   Motion for sanctions based on negligent spoliation of evidence.

5.   Motion to strike the defendants' answer and suppress its defenses based on fraudulent concealment of evidence.

6.   Motion for sanctions based on fraudulent concealment of evidence.

7.   Motion to bar defendant from raising the attorney/client privilege in regard to communications between its employees and Denise Campbell, Esq., former attorney for Gap. — Resolved: The plaintiff may probe Ms Campbell + others with whom she

8.   Motion to exclude the defendant from presenting testimony spoke about the and evidence by proposed expert witness, Victor M. Elner, circumstances MD, PhD, pursuant to *Daubert v. Merrell Dow* surrounding her possession of the T-Rakit [?] as there has been a waiver of the privilege on this subject matter

3

14. Motion to strike defendant's expert reports in whole or in part, for offering opinions inconsistent with controlling law.

15. Motion to strike defendant's expert reports which are based on hypothetical fact patterns not consistent with the record and/or "exemplar T-stands" or "face outs" which are not exemplary of the ones that injured plaintiff.

16. Motion to preclude defendant from using "exemplar" "T-stand" or "face outs" where there is no foundation that they are in fact exemplary of the face out that injured plaintiff.

17. Motion to bar the testimony of Dr. Frank Woodrich as he is not a certified life care planner and/or counselor.

18. Motion to bar Defendant from using photographs of "reconstructed" accident scene.

19. Motion to bar Defendant from bringing the face outs marked in their trial exhibits or those photographed by Plaintiff at Denise Campbell's New York office into evidence.

20. Motion to bar Defendant from calling Denise Campbell, Esq., Emily Fishman, Tim Smith, Carl Deronet, Alex Lapin, Igor Lapinsky or any other witness not previously disclosed in Defendant's Rule 26 disclosures or Answers to Interrogatories as witnesses at trial.

*[Handwritten annotations:]*

Moot - she is not being called as a witness

→ The parties will confer about these witnesses

↳ Moot - he is not being called as a witness

The objection to Ms Campbell is overruled. She shall be produced for a deposition. Williams, Mingot and Battres shall also be produced for a deposition in N.J. Terzich shall be produced for a deposition via video conference. Defendant shall pay all costs and up to 6 hours of its attorney fees. Depositions to be done by 9/15/09

# EXHIBIT C

**Rosemarie Arnold**

| | |
|---|---|
| **From:** | George Psak [gpsak@psaklaw.com] |
| **Sent:** | Monday, April 27, 2009 3:56 PM |
| **To:** | Rosemarie Arnold |
| **Cc:** | Tracey Wess; sferinga@swappc.com; svergara@swappc.com; fiona_williams@gap.com |
| **Subject:** | RE: 153-44720 (Wei Ngai, Enid Tran & Chau Ngai vs. Gap, Inc.) |

Ms. Arnold:
    What you said was that this is a Bergen County case and you wanted the deposition in your office. I respectfully disagree that the deposition must be conducted at your office. Do you wish to proceed on May 5th?
    You insisted on taking the deposition of Denise Campbell before any of the other witnesses we are scheduled to produce before 5/15. You objected to taking Denise Campbell and Nada Batres on the same date for reasons unknown to me. The next available dates you gave me are 5/13 and
5/14 and I have limited availability on both those dates. I am trying to free those dates but this will leave us no time to complete the other depositions. Can you have someone cover the 5/5 deposition so we can get this moving? Will you take the witnesses in a different order? Do you have other dates available? I am dealing with witness availability issues as well. Please advise.


George L. Psak, Esq.
732-560-0100 ext 111
www.psaklaw.com
CONFIDENTIALITY NOTICE:

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error and that any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail or by telephone, (732)560-0100 , and immediately delete this and all its attachments.


-----Original Message-----
From: Rosemarie Arnold [mailto:RArnold@rosemariearnold.com]
Sent: Monday, April 27, 2009 2:47 PM
To: George Psak
Cc: Tracey Wess
Subject: RE: 153-44720 (Wei Ngai, Enid Tran & Chau Ngai vs. Gap, Inc.)

Mr. Psak, you are misstating our conversation.  I specifically advised you that I was available on that day from 2 to 5 at my office, since I have a prior commitment until 2.

-----Original Message-----
From: George Psak [mailto:gpsak@psaklaw.com]
Sent: Monday, April 27, 2009 2:44 PM
To: Rosemarie Arnold
Cc: sferinga@swappc.com; fiona_williams@gap.com; Tracey Wess; svergara@swappc.com
Subject: 153-44720 (Wei Ngai, Enid Tran & Chau Ngai vs. Gap, Inc.)

Rosemarie:
    Per our discussions, the deposition of Denise Campbell is set for my office at 2pm on May 5, 2009 with your court reporter. Nada Batres will be in attendance. If time permits, I would like to depose Nada as well that day but we can produce Nada at a later date if needed.

George L. Psak, Esq.
732-560-0100 ext 111
www.psaklaw.com
CONFIDENTIALITY NOTICE:

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

WEI NGAI, an infant by her      :
Guardian Ad Litem, et al.,      :
                                :
    **Plaintiffs,**      :      **Civil Action No. 07-5653(KSH)**
                                :
                                :
    **v.**              :
                                :
                                :      **ORDER ON INFORMAL APPLICATION**
OLD NAVY,                       :
                                :
    **Defendant**       :

---

      This matter having come before the Court by way of submission dated May 6, 2009,

regarding the defendant's request that the deposition of Fiona Williams take place via telephone;

      and the Court having entered the Final Pretrial Order on March 12, 2009, which stated,

among other things, that the deposition of Ms. Williams shall take place in New Jersey no later

than May 15, 2009;

      and the defendant now requesting that the deposition proceed via video conferencing

because: (1) the deposition is not expected to last longer than one hour; (2) her personal

circumstances make a trip from California to New Jersey difficult; and (3) there is no prejudice to

the plaintiff to conducting the deposition in this fashion;

      and the present request being tantamount to a motion for reconsideration;

      and requests for reconsideration being governed by L. Civ. R. 7.1(i);

      and Local Civ. R. 7.1(i) providing for the reargument of an order if the application for

same is filed within 10 days (excluding weekends and holidays) after entry of the disputed order;

and it appearing that the Final Pretrial Order directing that the deposition take place in New Jersey was entered on March 12, 2009 and the instant request was filed on May 6, 2009;

and it appearing that the request is untimely as it was made more than 10 days after the entry of the disputed Order;

and the Court further noting that even it had been timely filed, there is no basis for the Court to reconsider the Order;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki , 779 F.2d 906, 909 (3d Cir. 1985); see  also  Shoenfeld Asset Mgt. v. Cendent Corp. , 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Authority Trans-Hudson , Civ. No. 99-5458 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003);

and a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, see  Database America v. Bellsouth Advertising & Publ'g. , 825 F. Supp. 1216, 1220 (D.N.J. 1993)(citing  Weyerhaeuser Corp. v. Koppers Co. , 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v Everson , Civ. No. 03-4787 2004 WL 1587894 (D.N.J. May 21, 2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan , 748 F. Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," see  Ciba-Geigy Corporation v. Alza Corporation , Civ. No. 91-5286 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (quoting

2

Oritani Sav. & Loan v. Fidelity & Deposit Co. , 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on

other grounds , 989 F.2d 635 (3d Cir. 1993);

     and because reconsideration of a judgment after its entry is an extraordinary remedy,

motions to reconsider or reargue are granted "very sparingly,"  Maldonado v. Lucca , 636 F. Supp.

621, 630 (D.N.J. 1986); Damiano v. Sony Music Entm't, Inc. , 975 F. Supp. 623, 634 (D.N.J.

1996);

     and there being no argument that the Court overlooked facts, that there has been an

intervening change in the law or that allowing the Order to stand unchanged would result in a

manifest unjustice;

     and it further appearing that all of the arguments that the defendant has made were or could

have been raised when the dispute was argued on February 25, 2009;

     and if further appearing that the witness traveled to New Jersey for the mediation on March

31, 2009 and the defendant could have made arrangements to conduct her deposition at that time;

     and the Court noting that there is a settlement conference before the Hon. Katharine S.

Hayden on May 15, 2009 and since Her Honor requires clients with full authority to settle the case

to appear in person, and the witness appeared for the mediation and may appear at the conference

with Her Honor, the parties may coordinate her deposition to take place when the client travels to

New Jersey for the conference;

     and the Court having directed that the deposition take place in New Jersey for the reasons

set forth on the record on February 25, 2009;

     and for the reasons set forth on February 25, 2009 and set forth herein;

     and for good cause shown,

     IT IS ON THIS 7th day of May, 2009

     ORDERED that the request that the Court reconsider its decision concerning the location

of Ms. Williams deposition is denied.  If the parties agree and if the witness is traveling to New

Jersey to attend the settlement conference before Judge Hayden on **May 15, 2009**, then the parties

may conduct a date of the conference.


s/Patty Shwartz_____

**UNITED STATES MAGISTRATE JUDGE**

George L. Psak, Esq.
Psak & Associates
127 Union Avenue
Middlesex, New Jersey 08846-1000
(732) 560-0100 x 111

|                                                          |                                              |
| -------------------------------------------------------- | -------------------------------------------- |
| WEI NGAI, an infant by her Guardian Ad Litem, ENID TRAN, ENID TRAN, Individually, and CHAU NGAI, Individually, | **Document Filed Electronically**<br><br>UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: 2:07-cv-05653-KSH-PS |
| *Plaintiffs,*                                            | Hon. Katherine S. Hayden, U.S.D.J.           |
| vs.                                                      |                                              |
| OLD NAVY,                                                | **CERTIFICATION OF SERVICE**                 |
| *Defendant.*                                             |                                              |

I am an attorney at law admitted to practice in the State of New Jersey and before this court. On this date, I caused one copy of (i) Notice of Appeal of Order of the Hon. Patty Shwarz, U.S.M.J. dated May 21, 2009, (ii) Memorandum of Law in Support thereof, (iii) Certification of George Psak, dated May 26, 2009, (iv) proposed form of Order and (v) Certification of Services to be filed with the Electronic Filing System of the United States District Court for the District of New Jersey, and thereby by served upon Rosemarie Arnold, Esq., counsel for Plaintiffs in this matter.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

George Psak

DATED:  May 26, 2009